**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.  **5:25-cv-01083-DTB**                    Date: **April 17, 2026**

Title:  **Regina Ynez Hopper v. Ford Motor Company, et al.**
========================================================

**DOCKET ENTRY**
========================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice                                   n/a
Deputy Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT(S):
        None present                            None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE POST-MEDIATON JOINT STATUS REPORT**

On March 27, 2025, plaintiff Regina Ynez Hopper ("Plaintiff") initiated the instant action against defendant Ford Motor Company ("Defendant") by filing a Complaint in Riverside County Superior Court.  (Docket No. 1-2).  On May 2, 2025, Defendant removed the action to this Court.  (Docket No. 1).

On July 27, 2025, the parties filed their Joint Rule 26(f) Report wherein they advised the Court that they "have exchanged demands and offers and will continue to pursue resolution of the action" and that they "are agreeable to private mediation." (Docket No. 9 at 6).  The parties further proposed that last day to conduct mediation should be December 31, 2025.  (Docket No. 9-1).

On July 30, 2025, the Court adopted the parties proposed dates and issued its Civil Trial Scheduling Order (Docket No. 11) as well as its Order/Referral to ADR Procedure No. 3 (Docket No. 10).

Pursuant to the Court's Order/Referral to ADR Procedure No. 3, the parties were required to file a joint status report regarding the outcome of the parties' mediation no later than January 7, 2026.  However, to date, the Court has not received a joint status report.  Thus, the parties are in violation of the Court's July 30, 2025 Order.

MINUTES FORM 11                                Initials of Deputy Clerk  RAM
CIVIL-GEN

The Court has inherent power to impose sanctions for "willful disobedience of a court order[.]"  See Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012).  Before imposing sanctions, the Court will afford the parties an opportunity to explain their failure to file a joint status report as directed by the Court's March 27, 2024 Order.

Accordingly, Plaintiff and Defendant are **ORDERED TO SHOW CAUSE** in writing why sanctions should not be imposed.  The parties shall have **up to and including April 24, 2026** to file responses to this Order.

**Furthermore, Plaintiff is expressly warned that failure to timely file a response to this Order <u>will</u> result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders.  <u>See</u> FED. R. CIV. P. 41(b).**

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk  RAM